[Civ. No. 6793. Second Appellate District, Division One.—October 23, 1931.]

R. B. PICKERING, Appellant, v. CALIFORNIA AIR-WAYS CO. et al., Respondents.

Victor R. Hansen for Appellant.

MacFarlane, Schaefer, Haun & Mulford for Respondents.

YORK, J.—This is an action for the recovery of damages for personal injuries and property damage resulting from an accident in plaintiff's own airplane, in which the plaintiff was a student of the respondent company, and, at the time of the accident, was taking a course of instruction in flying under the tutelage of respondent company's instructor, who was then and there employed by respondent company as a pilot for the instruction of students in the art of practical flying of aircraft. The plane itself was the property of the student—the plaintiff and appellant. At the beginning of the flight for instruction in which the accident occurred, the plaintiff operated the airplane at the time of the take-off, under signals given by the said instructor, and the plaintiff operated it up to five minutes prior to the accident, but at the exact time of the accident, the plane was being

operated and was under the control of the instructor. The plane dropped when at an elavation of about three or four hundred feet, and dove to the ground. After using all the means possible to right the plane, the instructor failed in his attempt to right it before the crash occurred.

■ Appellant contends that the judgment should be reversed because the findings are not supported by the evidence. There is evidence, however, to support each finding; although it is true that the evidence on some points is somewhat conflicting.

■ Appellant contends that there is evidence that the contract of January 20, 1928, was not the only agreement between the parties. The brief of appellant attempts to point out that this contract could not refer to any cross-country flying, which, according to appellant's contention, was the mission upon which plaintiff and the pilot were engaged at the time of the accident; appellant contending that the contract is limited to "practical flying at the airport or flying field of the company". This is not borne out by the evidence, as there was always, in each of the lessons given, flying beyond the actual airport or flying field of the company. ■ Some point is made that the airplane in which the flight was made was an unlicensed aircraft. However, it was the property of the appellant, and it does not lie in his mouth to raise that question on appeal.

There is evidence from which the court could have found that the accident was caused wholly by a condition of the air that could not be anticipated. That may well have been the basis of several of the findings made by the trial court.

■ If the servant, that is, the instructor in this case, was acting without and beyond the authority vested in him by his employer in going beyond the distance that he was ordered to go by the employer, but within the distance which he was ordered to go by the owner of the plane, to whom the instructor was giving the lesson, then the respondent would not be liable for the injuries sustained by the appellant.

The judgment is affirmed.

CONREY, P. J.—I concur in the judgment. It is enough that there is evidence sufficient to sustain the court's decision

that defendants' representative, Anderson, was not guilty of negligence in his operation of the plane at the time of the accident.

Houser, J., concurred in the judgment.